# NOS. 12-12-00175-CR
# 12-12-00176-CR
# 12-12-00177-CR
# 12-12-00178-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL RENARD WEBB,*<br>*APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Michael Renard Webb appeals his convictions for aggravated assault on a public servant (cause number 12-12-00175-CR), manufacture or delivery of a controlled substance in Penalty Group 1 in an amount of four grams or more but less than two hundred grams (cause number 12-12-00176-CR), manufacture or delivery of a controlled substance in Penalty Group 1 in an amount of four grams or more but less than two hundred grams in a drug-free zone (cause number 12-12-00177-CR), and manufacture or delivery of a controlled substance in Penalty Group 1 in an amount of less than one gram in a drug-free zone (cause number 12-12-00178-CR). Appellant raises two issues on appeal relating to the imposition of court costs. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with the offense of aggravated assault on a public servant and three instances of manufacture or delivery of a controlled substance. On February 29,

2012, a bench trial began on the indicted offense of aggravated assault on a public servant.[1] Ultimately, the trial court found Appellant guilty of the offense and made an affirmative deadly weapon finding. Sentencing was postponed until after a presentence report was prepared.

On March 19, 2012, Appellant pleaded guilty to the remaining offenses.[2] Each offense was enhanced under the habitual offender statute, and two of the cases contained drug-free zone enhancements. Appellant pleaded true to all enhancements in each case.[3]

The trial court pronounced Appellant's sentence in each case on April 20, 2012. Appellant was sentenced to various terms of imprisonment in addition to being assessed court costs and in some cases, restitution.

The trial court ordered Appellant to pay $55,432.18 in restitution and taxable court costs in the aggravated assault case. In one of the drug cases, the trial court ordered Appellant to pay $515.00 in restitution in addition to taxable court costs. In another of the drug cases (a drug-free zone case), the trial court ordered Appellant to pay $515.00 in restitution, but did not order payment of restitution in the other drug-free zone case.[4]

The certified bill of costs was not in the record when the judgments of conviction were signed. After Appellant filed his brief, the district clerk supplemented the record in each case to include a bill of costs.

## SUPPLEMENTATION OF THE RECORD

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). "A

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B) (West 2011). The range of punishment for the offense of aggravated assault of a public servant was enhanced pursuant to the habitual offender statute. *See generally* TEX. PENAL CODE ANN. § 12.42 (c)(1) (West Supp. 2012). Appellant pleaded true to the enhancement paragraph.

[2] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102 (3)(D); 481.112 (b), (d) (West 2010).

[3] *See generally* TEX. HEALTH & SAFETY CODE § 481.134 (b), (c) (West Supp. 2012); TEX. PENAL CODE ANN. § 12.42.

[4] Although the trial court did not orally pronounce payment of court costs in the offenses containing the drug-free zone enhancement, the assessment of court costs in each case is nevertheless effective. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("Court costs . . . need neither be orally pronounced nor incorporated by reference in the judgment to be effective.").

cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). The rules of appellate procedure permit supplementation of the clerk's record "[i]f a relevant item has been omitted." *See* TEX. R. APP. P. 34.5(c)(1).

The code of criminal procedure does not require that a certified bill of costs be filed at the time the trial court signs the judgment of conviction or before a criminal case is appealed. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006. But when a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record pursuant to Rule 34.5(c) because a bill of costs is required by Article 103.006. *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006.

In *Allen v. State*, the Texarkana court of appeals permitted supplementation of the appellate record with a "newly created" bill of costs. *Allen v. State*, No. 06-12-00166-CR, 2013 WL 1316965, at *2 (Tex. App.—Texarkana Apr. 3, 2013, no pet.) (not yet released for publication). The court reasoned that supplementation was permissible because a bill of costs is a governmental record that is "merely a documentation of what occurred during . . . trial." *Id.* Because the substance of the bill of costs is not newly created, the court classified the bill of costs as "an 'omitted' item because it is only a compilation of records that existed previously." *Id.*

The First Court of Appeals in Houston has also permitted supplementation of the record. *See Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *5 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication). But in *Cardenas*, the court concluded that supplementation was permissible because an appellate court "must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." *Id.* at *4 (citing TEX. R. APP. P. 44.3). Furthermore, the court stated that supplementation was permissible because "Rule 34.5(c) also does not exclude the possibility of supplementation with new documents, the creation of which is otherwise required by law, and article 103.006 does contemplate that a bill of costs shall be certified, signed, and sent upon the appeal of a criminal action, which necessarily occurs after the entry of a final judgment." *Id.* at 5.

Appellant argues that supplementing the record in each case would be improper because it is

3

contrary to the analysis in *Johnson v. State*, 389 S.W.3d 513 (Tex. App.—Houston [14th Dist.] 2012, pet. granted).   In *Johnson*, the court ordered the district clerk to supplement the record with a bill of costs, or provide a certified statement that no such bill existed in the case file.   *Id.* at 515.   The clerk's office initially responded by filing an affidavit averring that the record did not include a bill of costs.   *Id.* at 515.   The clerk subsequently filed a computer screen printout reflecting a bill of costs, but it did not retract its earlier affidavit.   *Id.* at 515 n.1.   The court held that regardless of the form of the document, the record contained no indication that the printout was ever brought to the trial judge's attention.   *Id.* at 515 n.1., 517.   In reaching its disposition of the case, the court did not address the issue of "what might happen if an actual bill of costs is subsequently produced."   *Id.* at 517 n.4.

Here, the district clerk produced an "actual bill of costs" after Appellant challenged the trial court's assessment of court costs.   Thus, *Johnson* is inapplicable.   Appellant also argues that producing a bill of costs "after-the-fact" violates his right to due process.   However, "the clerk's failure to prepare a bill of costs before the entry of judgment simply does not rise to the level of a due process violation" because Appellant has been given the opportunity to challenge the award of fees on direct appeal.   *See Cardenas*, 2013 WL 1164365, at *7.

We agree with the reasoning in *Allen* and *Cardenas*.   Accordingly, we hold that supplementing the record to include the bill of costs is appropriate and does not violate due process. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006; TEX. R. APP. P. 34.5(c)(3), (1); *Allen*, 2013 WL 1316965, at *2; *Cardenas*, 2013 WL 1164365, at *4-7.   Therefore, we will consider it in our analysis.[5]

### SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

Appellant raises two issues on appeal.   First, Appellant argues that the trial court erred by imposing court costs not supported by the bill of costs and by ordering that funds be withdrawn from his inmate trust account. Second, he argues that the evidence is insufficient for the trial court to assess court costs.   Because the record has been supplemented and each withholding order is attached to its corresponding judgment, we construe Appellant's issues as a sufficiency challenge to the trial court's

---

[5] In his brief, Appellant argues that his right to due process was violated when the trial court ordered the withdrawal of funds from his inmate account without a bill of costs because he had no ability to know or challenge the legal basis for the costs assessed against him.   Because we conclude that supplementation of the record with the bill of costs is appropriate, this argument is moot.

assessment of costs in each case.

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See **Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See **Mayer v. State***, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); ***Cardenas***, 2013 WL 1164365, at *6.

A judgment shall "adjudge the costs against the defendant, and order the collection thereof. . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Requiring a convicted defendant to pay court costs does not alter the range of punishment and is authorized by statute. *See id.*; ***Weir v. State***, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

**Discussion**

The judgment of conviction for cause number 12-12-00175-CR (aggravated assault of a public servant) assessed $308.00 in court costs and $55,432.18 in restitution. It includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $55,740.18. The bill of costs itemizes the costs and fees, which total $308.00. This reflects the amount of court costs assessed in the judgment of conviction and its attachment. We have reviewed each fee listed in the bill of costs. Except for the fee listed as "DNA Sample Cost," all other fees are authorized by statute.[6] Accordingly, the evidence is sufficient to support the trial court's assessment of $274.00 in court costs in cause number 12-12-00175-CR.

The judgment of conviction for cause number 12-12-00176-CR (delivery of a controlled substance four grams or more but less than two hundred grams) assessed $363.00 in court costs and $515.00 in restitution. It includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $878.00. The bill of costs itemizes the costs and fees, which total $363.00. This reflects the amount of court costs assessed in the judgment of conviction and its

---

[6] The bill of costs for cause number 12-12-00175-CR includes a jury service fee, clerk's fee, records management, records management and preservation fee—DC, warrant fee, arrest fee (commit and release), technology fee, courthouse security, DNA sample cost, consolidated court fees, judiciary fund state, judiciary fund county, and indigent defense court cost. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.005(a), (f) (West 2006); TEX. CODE CRIM. PROC. ANN. arts. 102.011(a)(2), (6); 102.0169(a); 102.017(a); 102.020(a)(3) (West Supp. 2012); TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012); TEX. LOC. GOV'T CODE ANN. § 133.105(a), (b) (West 2008); TEX. LOC. GOV'T CODE ANN. § 133.107(a) (West Supp. 2012).

attachment. We have reviewed each fee listed in the bill of costs. Except for the fee listed as "DNA Sample Cost," all other fees are authorized by statute.[7] Accordingly, the evidence is sufficient to support the trial court's assessment of $329.00 in court costs in cause number 12-12-00176-CR (delivery of a controlled substance more than four grams but less than two hundred grams).

The judgment of conviction for cause number 12-12-00177-CR (delivery of a controlled substance four grams or more but less than two hundred grams in a drug-free zone) assessed $368.00 in court costs and $515.00 in restitution. It includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $883.00. The bill of costs itemizes the costs and fees, which total $368.00. This reflects the amount of court costs assessed in the judgment and attachment. We have reviewed each fee listed in the bill of costs. The costs imposed are the same as those in cause number 12-12-00176-CR, with the addition of an "arrest fee (commit and release)."[8] Except for the fee listed as "DNA Sample Cost," all other fees are authorized by statute. Accordingly, the evidence is sufficient to support the trial court's assessment of $334.00 in court costs in cause number 12-12-00177-CR.

The judgment of conviction for cause number 12-12-00178-CR (delivery of a controlled substance less than one gram in a drug-free zone) assessed $368.00 in court costs and $0.00 in restitution. It includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "court costs, fees and/or fines and/or restitution" in the amount of $368.00. The bill of costs itemizes the costs and fees, which total $368.00. We have reviewed each fee listed in the bill of costs, and they are the same as those imposed in cause number 12-12-00177-CR. Accordingly, the evidence is sufficient to support the trial court's assessment of $334.00 in court costs in cause number 12-12-00178-CR.

The item listed as "DNA Sample Cost," should not be imposed unless an individual is placed on community supervision and is required to submit to a DNA sample under Article 42.12, Section

---

[7] The bill of costs for cause number 12-12-00176-CR includes a jury service fee, clerk's fee, records management, records management and preservation fee—DC, warrant fee, technology fee, courthouse security, drug court program, DNA sample cost, consolidated court fees, judiciary fund state, judiciary fund county, and indigent defense court cost. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a); 102.005(a), (f); 102.011(a)(2); 102.0169(a); 102.017(a); TEX. CODE CRIM. PROC. ANN. arts. 102.0178(a), 102.020(a)(3) (West Supp. 2012); TEX. LOC. GOV'T CODE ANN. §§ 133.102(a)(1); 133.105(a), (b); 133.107(a).

[8] *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(6).

11(j) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 102.020(a)(3) (West Supp. 2012). Appellant was assessed the "DNA Sample Cost" in each case. Appellant was not placed on community supervision, nor was he required to submit to a DNA sample under the code of criminal procedure in any of his cases. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(j) (West Supp. 2012). Accordingly, the evidence is insufficient to support the imposition of the $34.00 "DNA Sample Cost" assessed in each bill of costs. We sustain Appellant's first and second issues, in part, as they pertain to the imposition of the "DNA Sample Cost" in each case.

## OTHER ERRORS IN THE JUDGMENTS

In reviewing the record, we note that the judgments of conviction for cause numbers 12-12-00177-CR and 12-12-00178-CR contain clerical errors not raised by either party. An appellate court has the power to correct and reform a trial court judgment to make the record "speak the truth" when it has the necessary data and information before it to do so. *George v. State*, No. 12-10-00353-CR, 2011 WL 2224219, at *3, 5 (Tex. App.—Tyler June 8, 2011, pet. ref'd) (mem. op., not designated for publication); *Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Our authority to reform incorrect judgments is not dependent on the request of any party. *See Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.)

In cause number 12-12-00177-CR, the judgment of conviction incorrectly recites that Appellant was convicted of "MAN/DEL CS PG 1>1G DRUG FREE ZONE." The record shows that the amount alleged in the indictment was "four grams or more but less than 200 grams," and that Appellant pleaded guilty to the first degree felony offense. Thus, the offense for which Appellant was convicted should have been "MAN/DEL CS PG1>=4G<200G." Furthermore, Appellant pleaded, and the trial court found, that the second enhancement paragraph of the indictment was "true." The judgment, however, recites "N/A" as the plea and finding relating to the second enhancement paragraph. "True" should have been entered in each blank in order to show what happened in the guilty plea and sentencing hearings. *See George*, 2011 WL 2224219, at *3.

In cause number 12-12-00178-CR, Appellant pleaded, and the trial court found, that the second enhancement paragraph of the indictment was "true." The judgment, however, recites "N/A" as the plea and finding relating to the second enhancement paragraph. "True" should have been entered in each blank in order to show what happened in the guilty plea and sentencing hearings. *See*

7

*id.*

<u>DISPOSITION</u>

Having sustained Appellant's first and second issues in part, we modify the trial court's judgment and "Attachment A" in each case. *See* TEX. R. APP. P. 43.2(b); *see, e.g.* **Reyes v. State**, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.).[9]

In cause number 12-12-00175-CR, we modify the trial court's judgment to reflect that the amount of court costs is $274.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $34.00 for the DNA sample cost and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $55,706.18. We *affirm* the judgment of the trial court *as modified* in cause number 12-12-00175-CR. *See* TEX. R. APP. P. 43.2(b).

In cause number 12-12-00176-CR, we modify the trial court's judgment to reflect that the amount of court costs is $329.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $34.00 for the DNA sample cost and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $844.00. We *affirm* the judgment of the trial court *as modified* in cause number 12-12-00176-CR. *See* TEX. R. APP. P. 43.2(b).

In cause number 12-12-00177-CR, we modify the trial court's judgment to reflect that the offense for which Appellant was convicted was "MAN/DEL CS PG1>=4G<200G," that the plea to the second enhancement/habitual paragraph is "TRUE," that the finding on the second enhancement/habitual paragraph is "TRUE," and that the amount of court costs is $334.00. *See* TEX. R. APP. P. 43.2(b); **George**, 2011 WL 2224219, at *5. We also modify Attachment A to delete the assessment of $34.00 for the DNA sample cost and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $849.00. We *affirm* the judgment of the trial court *as modified* in cause number 12-12-00177-CR. *See* TEX. R. APP. P. 43.2(b).

In cause number 12-12-00178-CR, we modify the trial court's judgment to reflect that the plea to the second enhancement/habitual paragraph is "TRUE," that the finding on the second enhancement/habitual paragraph is "TRUE," and that the amount of court costs is $334.00. *See* TEX.

---

[9] The State argues that a notice of withdrawal is not a final, appealable order and that Appellant may not raise this issue on appeal. We decline to address the State's argument because the "Order to Withdraw Funds" was incorporated into the trial court's judgment of conviction as "Attachment A." But even if the "Order to Withdraw Funds" was not incorporated into the judgment as an attachment, other courts have determined that modification of both the judgment and withholding order is appropriate to delete improperly assessed fees when sufficiency is challenged on direct appeal. *See* **Allen v. State**, No. 06-12-00166-CR, 2013 WL 1316965, at *4 (Tex. App.—Texarkana Apr. 3, 2013, no pet.) (not yet released for publication); **Reyes v. State**, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.).

8

R. APP. P. 43.2(b); *George*, 2011 WL 2224219, at \*5. We also modify Attachment A to delete the assessment of $34.00 for the DNA sample cost and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $334.00. We *affirm* the judgment of the trial court *as modified* in cause number 12-12-00178-CR. *See* TEX. R. APP. P. 43.2(b).

**BRIAN HOYLE**
Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 25, 2013

### NO. 12-12-00175-CR

**MICHAEL RENARD WEBB,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th Judicial District Court
of Smith County, Texas.   (Tr.Ct.No. 007-0447-11)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $274.00; that Attachment A be modified to delete the assessment of $34.00 for the DNA sample cost and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $55,706.18; **that as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

10



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2013**

## NO. 12-12-00176-CR

**MICHAEL RENARD WEBB,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas.   (Tr.Ct.No. 007-0448-11)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $329.00; that Attachment A be modified to delete the assessment of $34.00 for the DNA sample cost and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $844.00; **that as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

11



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 25, 2013

### NO. 12-12-00177-CR

**MICHAEL RENARD WEBB,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas.   (Tr.Ct.No. 007-0449-11)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the offense of conviction is "MAN/DEL CS PG1>=4G<200G," that the plea to the second enhancement/habitual paragraph is "TRUE," that the finding on the second enhancement paragraph is "TRUE," and that the amount of court costs is $334.00; that Attachment A be modified to delete the assessment of $34.00 for the DNA sample cost and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $849.00; **that as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2013**

## NO. 12-12-00178-CR

**MICHAEL RENARD WEBB,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas.   (Tr.Ct.No. 007-0450-11)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the plea to the second enhancement/habitual paragraph is "TRUE," that the finding on the second enhancement/habitual paragraph is "TRUE," and that the amount of court costs is $334.00; that Attachment A be modified to delete the assessment of $34.00 for the DNA sample cost and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $334.00; **that as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*