ACCEPTED
12-15-00049-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
6/8/2015 5:17:19 PM
CATHY LUSK
CLERK

**NUMBER 12-15-00049-CR**

**IN THE TWELFTH DISTRICT COURT OF APPEALS**
**TYLER, TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
6/8/2015 5:17:19 PM
CATHY S. LUSK
Clerk

**VALERIE SALYARDS GILMORE,**
**Appellant**

**v.**

**THE STATE OF TEXAS,**
**Appellee**

From the 7th District Court of Smith County, Texas
Trial Cause Number 007-1439-14

**STATE'S BRIEF**

**ORAL ARGUMENT NOT REQUESTED**

**D. MATT BINGHAM**
Criminal District Attorney
Smith County, Texas

**AARON REDIKER**
Assistant District Attorney
State Bar of Texas Number 24046692
Smith County Courthouse, 4th Floor
Tyler, Texas 75702
Phone: (903) 590-1720
Fax: (903) 590-1719
Email: arediker@smith-county.com

# TABLE OF CONTENTS

Index of Authorities.................................................................................. 2

Statement of Facts ................................................................................ 4

Summary of Argument.......................................................................... 4

**I.ISSUE**: The trial court did not err in assessing a specific amount of court costs against appellant in the judgment and withdrawal order because a bill of costs was properly added to the record through a supplemental clerk's record........ 4

Standard of Review ................................................................................ 4

Argument..................................................................................................5

Certificate of Compliance ................................................................... 10

Certificate of Service ........................................................................... 10

# INDEX OF AUTHORITIES

**Texas Cases**

*Allen v. State*, 426 S.W.3d 253 (Tex. App.—Texarkana 2013, no pet.) ..................... 8

*Armstrong v. State*, 340 S.W.3d 759 (Tex. Crim. App. 2011) ...................................5, 6

*Ballinger v. State*, 405 S.W.3d 346 (Tex. App.—Tyler 2013, no pet.) ....................... 6

Brewer v. State, 572 S.W.2d 719 (Tex. Crim. App. 1978) ............................................. 9

*Johnson v. State*, 405 S.W.3d 350 (Tex. App.–Tyler 2013, no pet.) ........................... 7

*Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).......................................5, 8

*Owen v. State*, 352 S.W.3d 542 (Tex. App.–Amarillo 2011, pet. ref'd) ..................... 8


**Texas Statutes**

Tex. Code Crim. Proc. Ann. art. 102.0045.................................................................... 7

Tex. Code Crim. Proc. Ann. art. 102.005 ..................................................................... 7

Tex. Code Crim. Proc. Ann. art. 102.011 ..................................................................... 7

Tex. Code Crim. Proc. Ann. art. 102.0169.................................................................... 7

Tex. Code Crim. Proc. Ann. art. 102.017 ..................................................................... 7

Tex. Code Crim. Proc. Ann. art. 102.0178.................................................................... 7

Tex. Code Crim. Proc. Ann. art. 103.001 ..................................................................... 5

Tex. Code Crim. Proc. Ann. art. 103.006 ..................................................................... 6

Tex. Code Crim. Proc. Ann. art. 103.009 ..................................................................... 8

Tex. Gov't Code Ann. § 51.851 ..................................................................................... 7

Tex. Loc. Gov't Code Ann. § 133.102 ........................................................................... 7

Tex. Loc. Gov't Code Ann. § 133.103 ........................................................................... 7

Tex. Loc. Gov't Code Ann. § 133.105 ........................................................................... 7

Tex. Loc. Gov't Code Ann. § 133.107 ........................................................................... 7


**Texas Rules**

Tex. R. App. P. 34.5....................................................................................................... 6

Tex. R. App. P. 43.2....................................................................................................... 8


**Other Authorities**

Tex. Office of Court Admin., District Clerk's Felony Court Cost Chart (2013).... 7

---

**IN THE TWELFTH DISTRICT COURT OF APPEALS**
**TYLER, TEXAS**

---

**VALERIE SALYARDS GILMORE,**
Appellant

**v.**

**THE STATE OF TEXAS,**
Appellee

From the 7th District Court of Smith County, Texas
Trial Cause Number 007-1439-14

---

## STATE'S BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, respectfully requesting that this Court overrule appellant's sole alleged issue, modify the judgment and withdrawal order to reflect the court costs assessed in the bill of costs, and affirm the judgment of the trial court in the above-captioned cause as modified.

STATEMENT OF FACTS

Appellant has stated the essential nature of the proceedings and the evidence presented at trial (Appellant's Br. 2). In the interest of judicial economy, any other facts not mentioned therein that may be relevant to disposition of appellant's alleged issue will be discussed in the State's arguments in response.

## Summary of Argument

As the record was properly supplemented with a bill of costs following appellant's notice of appeal, the trial court did not err in assessing a specific amount of court costs in the judgment and withdrawal order. Where, as here, the bill of costs reflects a different amount than that imposed in the judgment and withdrawal order, the Court should modify the judgment and withdrawal order to reflect the amount of court costs assessed in the bill.

**I. ISSUE**: The trial court did not err in assessing a specific amount of court costs against appellant in the judgment and withdrawal order because a bill of costs was properly added to the record through a supplemental clerk's record.

## STANDARD OF REVIEW

"[C]ourt costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial; rather, they are 'a nonpunitive recoupment of

the costs of judicial resources expended in connection with the trial of the case.'" *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (citing *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). "As a result, we review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Johnson*, 423 S.W.3d at 390.

## ARGUMENT

Appellant complains that the trial court erred ordering the withdrawal of funds from her inmate trust account without a supporting bill of costs (Appellant's Br. 3-5). However, "a specific amount of court costs need not be supported by a bill of costs in the appellate record for a reviewing court to conclude that the assessed court costs are supported by facts in the record." *Johnson*, 423 S.W.3d at 395. Article 103.001 of the Code of Criminal Procedure provides that, "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." Tex. Code Crim. Proc. Ann. art. 103.001 (West 2014). "If a criminal action or proceeding is transferred from

5

one court to another or is appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." Tex. Code Crim. Proc. Ann. art. 103.006 (West 2014). Moreover, "[c]ourt costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong*, 340 S.W.3d at 766. "If a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item." Tex. R. App. P. 34.5(c)(1). "[A] bill of costs is a relevant item that if omitted from the record, can be prepared and added to the record via a supplemental clerk's record." *Johnson*, 423 S.W.3d at 392.

Following her negotiated plea of guilty to the offense of possession of methamphetamine, the trial court entered a judgment and withdrawal order imposing court costs of $344.00 on 20 February 2015 (Clerk's R. at 54-56). However, the bill of costs filed by the Smith County District Clerk on 18 May 2015 shows the assessment of $369.00 in court costs and fees (Clerk's R. Supp. at 4). *See, e.g., Ballinger v. State*, 405 S.W.3d 346, 349 (Tex. App.—Tyler 2013, no pet.) ("[S]upplementing the record to include the bill of costs is

appropriate and does not violate due process."); *Johnson v. State*, 405 S.W.3d

350, 353 (Tex. App.–Tyler 2013, no pet.) (same).  The charges listed in the bill

of costs and authority for each are as follows:

| Authority | Fee Description | Amount |
|---|---|---|
| Tex. Code Crim. Proc. art. 102.005(a) | Clerk's Fee | $40.00 |
| Tex. Loc. Gov't Code § 133.102 | Consolidated Court Fees | $133.00 |
| Tex. Code Crim. Proc. art. 102.005(f) | Records Management | $22.50 |
| Tex. Code Crim. Proc. art. 102.017(a) | Courthouse Security | $5.00 |
| Tex. Code Crim. Proc. art. 102.011(a)(2) | Warrant Fee | $50.00 |
| Tex. Code Crim. Proc. art. 102.011(a)(5) | Bond Fee | $10.00 |
| Tex. Code Crim. Proc. art. 102.005(f) | Records Management & Preservation Fee – DC | $2.50 |
| Tex. Code Crim. Proc. art. 102.0045 | Jury Service Fee | $4.00 |
| Tex. Loc. Gov't Code § 133.105(a) | Judiciary Fund State | $5.40 |
| Tex. Loc. Gov't Code § 133.105(a) | Judiciary Fund County | $0.60 |
| Tex. Loc. Gov't Code § 133.107 | Indigent Defense Court Cost | $2.00 |
| Tex. Code Crim. Proc. art. 102.0169 | Technology Fee | $4.00 |
| Tex. Code Crim. Proc. art. 102.0178 | Drug Court Program | $60.00 |
| Tex. Gov't Code § 51.851(d) | E-Filing Fees Criminal | $5.00 |
| Tex. Loc. Gov't Code § 133.103 | Time Payment | $25.00 |
| | Total | $369.00 |

(Clerk's R. Supp. at 4).  *See* Tex. Office of Court Admin., District Clerk's

Felony Court Cost Chart (2013), *available at*

http://www.txcourts.gov/media/681164/dc-felctcst090113.pdf.    The    total

amount of court costs listed in the bill of costs exceeds the amount listed in

the judgment and withdrawal order by $25.00 due to the assessment of a time

7

payment fee after appellant failed to pay all of her court costs and fees within thirty days of the date judgment was entered (Clerk's R. at 54-56; Clerk's R. Supp. at 4). Tex. Loc. Gov't Code Ann. § 133.103(a) (West 2014). *See Allen v. State*, 426 S.W.3d 253, 259 (Tex. App.—Texarkana 2013, no pet.) (bill of costs controls when amount listed differs from amount reflected in judgment); *Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.–Amarillo 2011, pet. ref'd) (citing Tex. Code Crim. Proc. Ann. art. 103.009(a) and (c) (West 2006)) ("A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement."). As the record was properly supplemented with a bill of costs, the costs and fees imposed by the trial court and ordered withdrawn from her inmate trust account are supported by the record. *See Johnson*, 423 S.W.3d at 392, 395-96 ("[A]lthough a bill of costs is not required to sustain statutorily authorized and assessed court costs, it is the most expedient, and therefore, preferable method."). Therefore, appellant's sole alleged issue is without merit and should be overruled. Since the necessary data for reformation is apparent from the record, the Court should modify the judgment and order to withdraw funds to reflect the assessment of $369.00 in court costs and affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b); *Brewer v. State*, 572 S.W.2d 719, 723 (Tex.

Crim. App. 1978) ("Where the Court has the necessary data and evidence before it for reformation, the judgment may be reformed on appeal.").

PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that the Court overrule appellant's sole alleged issue, modify the judgment and withdrawal order to reflect the assessment of $369.00 in court costs, and affirm the judgment of the 7th District Court of Smith County, Texas, in the above-captioned cause as modified.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas


/s/  Aaron Rediker
Aaron Rediker
Assistant District Attorney
SBOT #:  24046692
100 North Broadway, 4th Floor
Tyler, Texas 75702
Office:  (903) 590-1720
Fax:  (903) 590-1719 (fax)
arediker@smith-county.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned attorney certifies that the word count for this document is 1,318 words as calculated by Microsoft Word 2010.

/s/  Aaron Rediker
Aaron Rediker

## CERTIFICATE OF SERVICE

On 8 June 2015, a legible copy of the State's Brief was sent by email to A. Reeve Jackson, attorney for appellant, at JLawAppeals@gmail.com.

/s/  Aaron Rediker
Aaron Rediker