ACCEPTED
06-17-00165-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/5/2017 9:31 AM
DEBBIE AUTREY
CLERK

**ORAL ARGUMENT WAIVED**

CAUSE NO. 06-17-00165-CR

IN THE

COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/5/2017 9:31:20 AM
DEBBIE AUTREY
Clerk

DYWANE JERMAIN MORGAN, Appellant

V.

THE STATE OF TEXAS, Appellee

ON APPEAL FROM THE SIXTH JUDICIAL DISTRICT COURT;
RED RIVER COUNTY, TEXAS; TRIAL COURT CAUSE NO. CR02253;
HONORABLE R. WESLEY TIDWELL, JUDGE

# APPELLEE'S BRIEF

Respectfully submitted,

Val J. Varley, County & District Attorney
State Bar No. 20496580

Red River County Courthouse
400 N. Walnut
Clarksville, TX    75426
(903) 427-2009
(903) 427-5316 (fax)

**ATTORNEYS FOR THE STATE OF TEXAS**

1

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.2(a)(1)(A), the list of parties and counsel is not required to supplement or correct the appellant's list.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL      2

TABLE OF CONTENTS      3

INDEX OF AUTHORITIES      5

STATEMENT OF THE CASE      7

STATEMENT REGARDING ORAL ARGUMENT      8

ISSUES/POINTS OF ERROR IN REPLY      9

INTRODUCTION      10

STATEMENT OF FACTS      11

SUMMARY OF THE ARGUMENT      14

ARGUMENT AND AUTHORITIES      15

**ISSUE/POINT OF ERROR IN REPLY NO. 1: THERE WAS A SUFFICIENT "BASIS" FOR THE INCLUSION OF $5,767.00 IN COURT COSTS IN THE TRIAL COURT'S FINAL JUDGMENT OF CONVICTION.**

**ISSUE/POINT OF ERROR IN REPLY NO. 2: THE APPELLANT WAS FOUND INDIGENT; BECAUSE THE RECORD DID NOT THEREAFTER DEMONSTRATE THAT THE TRIAL COURT FOUND A MATERIAL CHANGE IN MORGAN'S FINANCIAL CIRCUMSTANCES, ATTORNEY'S FEES OF $2,300.00 SHOULD NOT BE ASSESSED AGAINST HIM; HOWEVER, COSTS/EXPENSES FOR AN ARTICLE 46B PSYCHOLOGIST WERE EXPRESSLY PROVIDED BY LAW AND SHOULD BE ASSESSED AGAINST THE APPELLANT (MORGAN) AS LEGISLATIVELY-MANDATED COURT COSTS.**

PRAYER      23

CERTIFICATE OF COMPLIANCE      24

CERTIFICATE OF SERVICE      24

# INDEX OF AUTHORITIES

**U.S. SUPREME COURT CASES:**                                              **PAGE:**

*Jackson v. Virginia*,
443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979).                          15

**TEXAS CASES:**

*Allen v. State*,
426 S.W.3d 253 (Tex. App.—Texarkana 2013, no pet.).                       19, 21-22

*Brooks v. State*,
323 S.W.3d 893 (Tex. Crim. App. 2010).                                        17

*Cardenas v. State*,
403 S.W.3d 377 (Tex. App.—Houston [1st Dist.] 2013),
*aff'd*, 423 S.W.3d 396 (Tex. Crim. App. 2014).                             15-16

*Cates v. State*,
402 S.W.3d 250 (Tex. Crim. App. 2013).                                        18

*Clewis v. State*,
922 S.W.2d 126 (Tex. Crim. App. 1996).                                        17

*Coronel v. State*,
416 S.W.3d 550 (Tex. App.—Dallas 2013, pet. ref'd).                           20

*Johnson v. State*,
423 S.W.3d 385 (Tex. Crim. App. 2014).                                      15, 17

*Mayer v. State*,
309 S.W.3d 552 (Tex. Crim. App. 2010).                                      15, 18

*Martin v. State*,
405 S.W.3d 944 (Tex. App.—Texarkana 2013, no pet.).                      18-19, 21-22

*Owen v. State*,
352 S.W.3d 542 (Tex. App.—Amarillo 2011, no pet.).                        16-19, 22

*Williams v. State,*
332 S.W.3d 694 (Tex. App.—Amarillo 2011, pet. denied).                19, 22

**TEXAS CODES:**

Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2016).            18

Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2016).            18

Tex. Code Crim. Proc. Ann. art. 46B.027 (West Supp. 2016).             20-22

Tex. Code Crim. Proc. Ann. art. 103.002 (West 2006).                   19, 22

Tex. Code Crim. Proc. Ann. art. 103.009(a) (West 2006).                16

Tex. Code Crim. Proc. Ann. art. 103.009(c) (West 2006).                16-17

Tex. Penal Code Ann. § 22.02(a)(b) (West 2011).                        7, 11

**TEXAS RULES OF EVIDENCE:**

Tex. R. Evid. 902(1).                                                  16

**TEXAS RULES OF APPELLATE PROCEDURE:**

Tex. R. App. P. 9.4(i)(3)                                              24

Tex. R. App. P. 9.5                                                    24

Tex. R. App. P. 38.2                                                   10

Tex. R. App. P. 38.1(e)                                                8

Tex. R. App. P. 38.2(a)(1)                                             2

## STATEMENT OF THE CASE

A grand jury in Red River County returned an indictment that charged Dywane Jermain Morgan (Morgan) with the second-degree felony offense of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(b) (West 2011). Subsequently, the trial court placed Morgan on deferred community supervision for a period of ten (10) years and required him to pay a fine of $500.00, court costs and other fees. *See* CR, pgs. 7-8. Subsequently, the State filed several motions to proceed with an adjudication. *See* CR, pgs. 22-24; RR, pgs. 4-5.

After a hearing, the trial judge found "[p]aragraphs 1, 2, 3, 4, 5, 8, 9 and 10 as all being true[,]" (RR, pg. 58) and paragraphs 6 and 7 to be "not true." *See* RR, pg. 58. The trial judge then sentenced Morgan to twenty (20) years confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ-ID). *See* RR, pg. 61.

By timely filing a notice of appeal (CR, pg. 70), Morgan perfected this appeal from the trial court's Judgment Adjudicating Guilt. *See* CR, pgs. 64-65. By this appeal, Morgan brought two (2) issues/points of error.

## STATEMENT REGARDING ORAL ARGUMENT

The State of Texas will waive oral argument. *See* Tex. R. App. P. 38.1(e), 38.2(a)(1).

## ISSUES/POINTS OF ERROR IN REPLY

**ISSUE/POINT OF ERROR IN REPLY NO. 1:** THERE WAS A SUFFICIENT "BASIS" FOR THE INCLUSION OF $5,767.00 IN COURT COSTS IN THE TRIAL COURT'S FINAL JUDGMENT OF CONVICTION.

**ISSUE/POINT OF ERROR IN REPLY NO. 2:** THE APPELLANT WAS FOUND INDIGENT; BECAUSE THE RECORD DID NOT THEREAFTER DEMONSTRATE THAT THE TRIAL COURT FOUND A MATERIAL CHANGE IN MORGAN'S FINANCIAL CIRCUMSTANCES, ATTORNEY'S FEES OF $2,300.00 SHOULD NOT BE ASSESSED AGAINST HIM; HOWEVER, COSTS/EXPENSES FOR AN ARTICLE 46B PSYCHOLOGIST WERE EXPRESSLY PROVIDED BY LAW AND SHOULD BE ASSESSED AGAINST THE APPELLANT (MORGAN) AS LEGISLATIVELY-MANDATED COURT COSTS.

CAUSE NO. 06-17-00165-CR

IN THE

COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA

DYWANE JERMAIN MORGAN, Appellant

V.

THE STATE OF TEXAS, Appellee

ON APPEAL FROM THE SIXTH JUDICIAL DISTRICT COURT;
RED RIVER COUNTY, TEXAS; TRIAL COURT CAUSE NO. CR02253;
HONORABLE R. WESLEY TIDWELL, JUDGE

# APPELLEE'S BRIEF

TO HONORABLE SIXTH COURT OF APPEALS:

COMES NOW, the State of Texas, by and through the County and District Attorney's Office of Red River County, files its Appellee's Brief under Rule 38.2 of the Texas Rules of Appellate Procedure.

Unless otherwise indicated, Dywane Jermain Morgan will be referred to as "Morgan" or "the appellant" and the State of Texas as "the State" or "appellee."

## STATEMENT OF FACTS

### Factual Background.

On September 25, 2014, a grand jury in Red River County returned an original indictment that charged Morgan with the second-degree felony offense of aggravated assault with a deadly weapon. *See* CR, pgs. 5-6; RR, pg. 4. *See also* Tex. Penal Code Ann. § 22.02(a)(b) (West 2011).

On January 12, 2015 (RR, pg. 13), the trial court signed an order of deferred adjudication that placed Morgan on deferred community supervision for a period of ten (10) years and required him to pay a fine of $500.00, court costs and other fees. *See* CR, pgs. 7-8. On that day of January 12th, Miranda Dean, who was in the trial court and employed by the adult probation department, provided Morgan with a copy of the conditions of probation. *See* RR, pg. 22.

In December of 2015, the State filed a motion to proceed with adjudication. *See* CR, pgs. 11-13. Subsequently, the State filed amended motions to proceed with an adjudication, including a motion in March of 2016. *See* CR, pgs. 22-24; RR, pgs. 4-5.

### Hearing on the State's Amended Motion to Adjudicate.

On July 27, 2017, the trial court proceeded with a hearing on the State's motion to proceed with an adjudication. *See* RR, pgs. 4-5. When

arraigned on that motion, the trial judge entered pleas of "not true" to the paragraphs. *See* RR, pgs. 6-12.

After presenting two (2) witnesses (Miranda Dean and Trooper Brandon Dennison) during the hearing, the State rested. *See* RR, pg. 44. After separate recesses, Morgan testified during the July 27th hearing and acknowledged, "I was on probation." *See* RR, pg. 47.

At the conclusion of the hearing, the trial judge found "[p]aragraphs 1, 2, 3, 4, 5, 8, 9 and 10 as all being true." *See* RR, pg. 58. However, the trial judge found paragraphs 6 and 7 to be "not true." *See* RR, pg. 58. The trial judge sentenced Morgan to twenty (20) years confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ-ID). *See* RR, pg. 61.

On July 27th, the trial court signed its Judgment Adjudicating Guilt. *See* CR, pgs. 64-65. On August 10, 2017, Morgan filed his notice of appeal. *See* CR, pg. 70. On September 11th, the trial court signed its certification of the defendant's right of appeal. *See* CR, pg. 75.

**Proceedings in this Court of Appeals.**

On or about August 23, 2017, Morgan filed his notice of appeal in this Court. On or about September 21st, the District Clerk of Red River filed the Clerk's Record. The official court reporter filed the Reporter's Record on or

about October 2, 2017.

With the appellate record filed, Morgan filed a motion to extend time to file the appellant's brief on or about October 20th, which this Court granted. As the appellant, Morgan filed his brief on November 3, 2017. The State will be filing its brief before the deadline of December 4, 2017.

## SUMMARY OF THE ARGUMENT

By this appeal, the appellant (Morgan) did not challenge the discretion of the trial court in revoking his community supervision, nor did he challenge the assessment of punishment at confinement for twenty (20) years in the Institutional Division of the Texas Department of Criminal Justice. Rather, his two (2) issues/points of error challenged the sufficiency of the evidence supporting (1) the court costs in the total amount of $5,767.00 and (2) the assessment of the amount for "COURT APPOINTED ATTORNEY" in the bill of costs. *See* CR, pg. 68.

In summary, (1) the appellant's first issue/point of error should be overruled because there was a sufficient "basis" for court costs of $5,767.00 in the trial court's Judgment Adjudicating Guilt (CR, pg. 64); and (2) Morgan was found indigent, and his financial status did not change—so, the amount of $2,300.00 in attorney's fees could not be assessed against him. However, the costs of $2,925.00 for an article 46B psychologist were (a) expressly provided by law and (b) legislatively-mandated by statute under articles 103.002 and 46B.027 of the Texas Code of Criminal Procedure, respectively. Accordingly, the Judgment Adjudicating Guilt should be modified to delete the amount of $2,300.00 in attorney's fees only, and affirmed in all other respects.

14

## ARGUMENT AND AUTHORITIES

**ISSUE/POINT OF ERROR IN REPLY NO. 1: THERE WAS A SUFFICIENT "BASIS" FOR THE INCLUSION OF $5,767.00 IN COURT COSTS IN THE TRIAL COURT'S FINAL JUDGMENT OF CONVICTION.**

With his first issue/point of error, Morgan challenged the sufficiency of the evidence to support the inclusion of $5,767.00 in costs of court in the trial court's judgment. *See* Appellant's Brief, pgs. 3, 8, 12-17. However, the appellant's first issue/point of error, as briefed, applied an erroneous standard of review. *See* Appellant's Brief, pg. 13 (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979)).

**A.    Standard of Appellate Review:    Non-Applicability of Traditional, Evidentiary-Sufficiency Principles.**

This Court must review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply. *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Further, this Court must review the sufficiency of the evidence supporting the award of costs in the light most favorable to the trial court's judgment. *See Mayer v. State*, 309 S.W.3d 552, 557 (2010) ("Sufficiency of the evidence is measured by viewing all of the record evidence in the light most favorable to the verdict."); *Cardenas v.*

15

*State*, 403 S.W.3d 377, 385 (Tex. App.—Houston [1ˢᵗ Dist.] 2013), *aff'd*, 423 S.W.3d 396 (Tex. Crim. App. 2014).

Article 103.009(c) of the Texas Code of Criminal Procedure provided that "[a] statement of an item of cost in a fee record is prima facie evidence of the correctness of the statement." *See* Tex. Code Crim. Proc. Ann. art. 103.009(c) (West 2006). Under article 103.009, a clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement. *See Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.) (citing Tex. Code Crim. Proc. Ann. art. 103.009(a) and (c)).

B.     **Application of Law to the Present Case.**

Here, the Clerk's Record included a bill of costs, which had a total of $6,267.00. *See* CR, pg. 68. The Judgment Adjudicating Guilt had two (2) columns: (1) a column for the fine of $500.00 and (2) a column for the court costs of $5,767.00. *See* CR, pg. 64. When subtracting the fine of $500.00 from $6,267.00, as evidenced by the bill of costs—a public document under seal, *see* Tex. R. Evid. 902(1)—the trial court's final judgment accurately reflected the court costs in the total amount of $5,767.00. *See* CR, pg. 68.

As proved by the bill of costs, along with the statutory sub-section that provided prima facie evidence of the correctness of the statement, *see*

Tex. Code Crim. Proc. Ann. art. 103.009(c) (West 2006); *Owen*, 352 S.W.3d at 547, there was a sufficient "basis" for court costs of $5,767.00 in the trial court's final judgment. Because there was a sufficient evidentiary basis for court costs of $5,767.00, the appellant's (Morgan's) first issue/point of error, as briefed, should be overruled. *See Johnson*, 423 S.W.3d at 390.

Otherwise, the appellant's (Morgan's) first issue/point of error would require this Court to impermissibly determine if there was sufficient evidence to prove each cost. *See id*; Appellant's Brief, pgs. 14-16. Stated differently, the appellant's (Morgan's) first issue/point of error would require this Court to erroneously engage in a factual-sufficiency analysis as to the evidence to prove each cost. *See Brooks v. State*, 323 S.W.3d 893, 905 (Tex. Crim. App. 2010) ("Retaining any kind of factual-sufficiency standard in criminal cases would, therefore, still make it necessary for this Court to overrule *Clewis*[1] and abandon its requirement . . .").

---

[1] *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

**ISSUE/POINT OF ERROR IN REPLY NO. 2: THE APPELLANT WAS FOUND INDIGENT; BECAUSE THE RECORD DID NOT THEREAFTER DEMONSTRATE THAT THE TRIAL COURT FOUND A MATERIAL CHANGE IN MORGAN'S FINANCIAL CIRCUMSTANCES, ATTORNEY'S FEES OF $2,300.00 SHOULD NOT BE ASSESSED AGAINST HIM; HOWEVER, COSTS/EXPENSES FOR AN ARTICLE 46B PSYCHOLOGIST WERE EXPRESSLY PROVIDED BY LAW AND SHOULD BE ASSESSED AGAINST THE APPELLANT (MORGAN) AS LEGISLATIVELY-MANDATED COURT COSTS.**

A. **Standard of Appellate Review: Indigency and Assessment of Court Costs.**

A trial court has authority to order a defendant to pay the attorney's fees of appointed counsel if it determines that the defendant has the resources "to offset in part or in whole the costs of legal services provided[.]" *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2016); *Martin v. State*, 405 S.W.3d 944, 946 (Tex. App.—Texarkana 2013, no pet.). A "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *See Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (citing Tex. Code Crim. Proc. Ann. art. 26.04(p)). *See also Mayer*, 309 S.W.3d at 557; *Martin*, 405 S.W.3d at 946-47.

A defendant's ability to pay is not relevant with respect to legislatively-mandated court costs. *See Martin*, 405 S.W.3d at 947; *Owen*,

18

352 S.W.3d at 546; *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied)). "[A] trial court can order an indigent defendant to pay legislatively mandated court costs provided payment is not demanded before the trial court proceedings have concluded." *See Martin*, 405 S.W.3d at 947 (citing *Allen v. State*, 426 S.W.3d 253, 259 (Tex. App.—Texarkana 2013, no pet.)).

B.    **Application of the Standard of Review to the Bill of Costs in the Present Case.**

1.    **Court-Appointed Attorney's Fees Should Not Be Assessed.**

With his second issue/point of error, Morgan alleged that there was insufficient evidence of his ability to pay assessed costs of court, including attorney's fees. *See* Appellant's Brief, pgs. 3, 8 18-22. Here, Morgan was found indigent. *See* CR, pgs. 19-20. Because the record did not thereafter demonstrate that the trial court found a material change in the defendant's financial circumstances, as in *Martin*, attorney's fees should not be assessed against him. *See Martin*, 405 S.W.3d at 947. Therefore, the State will concede error as to the attorney's fees in the amount of $2,300.00 only. *Id.*

2.    **The Costs/Expenses for Bryan E. Smith, PSY. D. (Smith) Were Expressly Provided by Law, Which Should Have Been Assessed Against Morgan as Legislatively-Mandated Court Costs.**

Article 103.002 provides that "[a]n officer may not impose a cost for a service not performed or for a service for which a cost is not expressly

19

provided by law." *See* Tex. Code Crim. Proc. Ann. art. 103.002 (West 2006). "Costs are defined and mandated by statute; a bill of costs is a governmental record which documents those costs that have been assessed based on various factors including the crime for which the defendant is convicted, the procedural history of the defendant's case, and costs incurred in trying and convicting the defendant." *See Coronel v. State*, 416 S.W.3d 550, 556 (Tex. App.—Dallas 2013, pet. ref'd).

As pertinent here, the costs/expenses for Smith, which were included in the bill of costs by the District Clerk of Red River County, were "for a service for which a cost [was] expressly provided by law" under article 103.002 of the Texas Code of Criminal Procedure, and were mandated by statute under article 46B.027 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 46B.027 (West Supp. 2016).

On or about April 7, 2016, Morgan's trial counsel filed a sworn "Motion Suggesting Incompetency and Request for Examination" (CR, pgs. 25-27), and that motion was specifically filed under the authority of article 46B.003 of the Texas Code of Criminal Procedure. *See* CR, pg. 25. On the same day of April 7th, the trial court signed an Order for Examination Regarding Incompetency. *See* CR, pgs. 28-29. By that order, the trial court directed Smith to examine Morgan to determine if he was incompetent to

stand trial in this cause, as provided by Article 46B of the Texas Code of Criminal Procedure. *See* CR, pg. 28.

As evidenced by the expert report (CR, pgs. 30-35)—that was filed of record on May 16, 2016—Smith, a licensed psychologist under article 46B.022 of the Texas Code of Criminal Procedure, examined Morgan on April 28, 2016. *See* CR, pg. 30. In this report, Smith opined that Morgan was not competent to stand trial at that time. *See* CR, pg. 34. On the same day of May 16th, Smith submitted a billing statement, which the trial judge signed. *See* CR, pg. 36.

Subsequently, Smith submitted, and the trial judge approved by his signature, a billing statement on June 5, 2017 (CR, pg. 51) followed by one on June 27, 2017. *See* CR, pg. 59. As submitted and approved by the trial judge, these three (3) billing statements—which, when added, totaled $2,925.00—represented costs/expenses that the Legislature specifically approved under article 46B.027 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 46B.027 (West Supp. 2016). Stated differently, Smith's costs/expenses were legislatively mandated under article 46B.027 of the Texas Code of Criminal Procedure. *See id.*

Once the trial court's revocation-proceedings were concluded, *see Martin*, 405 S.W.3d at 947 and *Allen*, 426 S.W.3d at 259, the District Clerk

of Red River County included the total amount of $2,925.00 in the column for "Court Appointed Attorney," as evidenced by the bill of costs. *See* CR, pg. 68. Because Smith's costs/expenses (1) were "for a service for which a cost [was] expressly provided by law" under article 103.002 of the Code of Criminal Procedure, and (2) were mandated by statute under article 46B.027 of the Code of Criminal Procedure, the costs/expenses were properly assessed against Morgan because his ability to pay was not relevant with respect to legislatively-mandated court costs. *See Martin*, 405 S.W.3d at 947; *Owen*, 352 S.W.3d at 546; *Williams*, 332 S.W.3d at 700.

By its Judgment Adjudicating Guilt, the trial court could order Morgan to pay legislatively-mandated court costs because the bill of costs was not prepared until August 1, 2017 (CR, pg. 68) and, thus, payment was not demanded before the trial court's revocation proceedings had concluded. *See Martin*, 405 S.W.3d at 947; *Allen*, 426 S.W.3d at 259. Therefore, the appellant's second issue/point of error should be sustained in part (as to $2,300.00 in attorney's fees) and overruled in part (as to $2,925.00 in legislatively-mandated court costs under article 46B.027 of the Texas Code of Criminal Procedure).

22

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that upon final submission of the above-styled and numbered cause without oral argument, this Court affirm the trial court's final, Judgment Adjudicating Guilt; modify court costs, if necessary; and for such other and further relief, both at law and in equity, to which it may be justly and legally entitled.

Respectfully submitted,

Val J. Varley, County & District Attorney
Red River County Courthouse
400 N. Walnut
Clarksville, TX   75426
(903) 427-2009
(903) 427-5316 (fax)

By: /s/Val Varley
Val J. Varley, County & District Attorney
State Bar No. 20496580
valvarley@valornet.com

**ATTORNEYS FOR THE STATE OF TEXAS**

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, the "Appellee's (State's) Brief" was a computer-generated document and contained 3679 words--not including the Appendix, if any. The undersigned attorney certified that he relied on the word count of the computer program, which was used to prepare this document.

/s/ Val Varley
Val J. Varley, County & District Attorney
valvarley@valornet.com

## CERTIFICATE OF SERVICE

This is to certify that in accordance with Tex. R. App. P. 9.5, a true copy of the Appellee's Brief has been served on the 5TH day of December, 2017 upon the following:

Troy Hornsby
*Miller, James, Miller & Hornsby, L.L.P.*
1725 Galleria Oaks Drive
Texarkana, TX 75503
troy.Hornsby@gmail.com

/s/ Val Varley
Val J. Varley, County & District Attorney
valvarley@valornet.com