

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00166-CR

LECHRISTOPHER CHARLES ALLEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th District Court
Smith County, Texas
Trial Court No. 114-2251-09

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

# O P I N I O N

Lechristopher Charles Allen appeals his conviction for aggravated robbery with a deadly weapon finding.[1] *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). After negotiating an agreed punishment recommendation, Allen pled guilty on April 1, 2010, and the trial court deferred adjudication of guilt and placed him on ten years' community supervision. On August 6, 2012, the State filed an application[2] to proceed to final adjudication alleging that Allen failed to complete alcohol and drug treatment. Allen pled true to the State's allegations, the trial court found Allen guilty, and sentenced him to twenty-five years' imprisonment. In the judgment, the trial court ordered Allen to pay $495.00 in court costs.

Allen raises two issues on appeal. Allen's first issue complains that the trial court erred in imposing court costs prior to a bill of costs being created and erred in ordering those costs be withdrawn from Allen's inmate trust account. Allen's second issue argues there is legally insufficient evidence to support the court costs in this case. We conclude (1) any error in ordering payment of court costs prior to the preparation of a bill of costs has not been preserved for review, and (2) the record supports an order to pay $195.00 in court costs.

---

[1]Originally appealed to the Tyler Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). Except as discussed, we are unaware of any conflict between precedent of the Tyler Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]The State had filed at least one previous motion to adjudicate alleging possession of marihuana, contact with a drug user, and failure to pay fees. The trial court modified Allen's conditions of community supervision and ordered Allen to participate in "SAFPF Inpatient Program."

## I. Failure to Preserve Error

In his first issue, Allen complains that the trial court erred in ordering him to pay court costs prior to a bill of costs being prepared. The record does not contain any objection to the trial court's oral pronouncement that Allen would be required to pay court costs, and there is no indication that Allen objected in the trial court to the written judgment on this basis. "In contrast to evidence-sufficiency challenges, for which no preservation of error is required, challenges to the propriety of trial-court rulings must be preserved for appeal." *Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012). We conclude that Allen has failed to preserve any error for appellate review.

## II. The Record Contains Insufficient Evidence

In his second issue,[3] Allen challenges the sufficiency[4] of the evidence of $495.00 in court costs ordered by the trial court. After Allen filed his appellate brief, the State supplemented the record with a bill of costs totaling $195.00.[5] The State concedes that the $300.00 difference between the judgment and the bill of costs is error and requests we modify the judgment to require payment of $195.00 in court costs. *See* TEX. R. APP. P. 43.2(b).

---

[3]We note that Allen also complains about the withdrawal orders in his first issue. Since these complaints are intertwined with his second issue, we will address these complaints with the second issue.

[4]Texas law is clear that sufficiency of the evidence cannot be forfeited and does not need to be preserved for appellate review. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) ("[S]sufficiency of evidence of [defendant's] financial resources and ability to pay were likewise not waived by his failure to raise such a complaint at trial."); *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004); *Flanary v. State*, 316 S.W.2d 897, 898 (Tex. Crim. App. 1958) (op. on reh'g).

[5]Allen, in this appeal, did not request permission to file a supplemental brief due to the record supplementation.

The Texas Court of Criminal Appeals has held that this issue concerns a criminal matter and can be addressed in a direct appeal.[6] The Texas Code of Criminal Procedure provides:

> A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.

TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). "In other words, a certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment." *Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.).

We first note that this Court has modified judgments in at least two cases because court costs are not payable until a bill of costs is produced or "ready to be produced"[7] and no bill of costs had been prepared. *See Tafolla v. State*, No. 06-12-00122-CR, 2012 Tex. App. LEXIS 10555, *1 (Tex. App.—Texarkana Dec. 20, 2012, no pet. h.) (mem. op., not designated for publication); *Cuba v. State*, No. 06-12-00106-CR, 2012 Tex. App. LEXIS 10260, *3 (Tex. App.—Texarkana Dec. 11, 2012, no pet.) (mem. op., not designated for publication).[8] We further note that supplementation of the record with something that did not exist at trial would

---

[6]The Texas Court of Criminal Appeals has recognized that an award of costs and/or attorney's fees in a judgment of conviction is a criminal proceeding. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We note, however, that the appeal of withdrawal orders are civil law matters if not raised as a collateral matter in connection with a criminal appeal. *See id.*; *Harrell v. State*, 286 S.W.3d 315, 318 (Tex. 2009) (concluding matter was civil because "the criminal case is over" and concluding post-deprivation due process sufficient for withdrawal from inmate trust account); *see also State ex rel. Holmes v. Court of Appeals*, 885 S.W.2d 389, 394 (Tex. Crim. App. 1994) (orig. proceeding) ("Although civil and criminal law matters may occasionally overlap, when a matter is essentially criminal, the presence of civil law issues will not remove the matter from our jurisdiction.").

[7]TEX. CODE CRIM. PROC. ANN. art. 103.001.

[8]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

4

normally be prohibited. "[T]he supplementation rules cannot be used to create new evidence." *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) (further noting appellate court's review of record itself generally limited to evidence before trial court at time of trial court's ruling); *see Mayer*, 309 S.W.3d at 557 (rejecting State's request for remand to supplement record with evidence supporting attorney's fees awarded as court costs); *see also* TEX. R. APP. P. 34.5(c).

We conclude, however, that supplementation with a newly created bill of costs is not prohibited by this general rule. Unlike actions taken by the trial court after an appellate record has been filed,[9] we are not aware of any authority limiting the district clerk's jurisdiction to prepare the bill of costs after an appellate record has been filed.

The Texas Court of Criminal Appeals has explicitly held that court costs are not part of the sentence and do not need to be orally pronounced or incorporated by reference into the judgment. *Armstrong*, 340 S.W.3d at 766–67. Further, a bill of costs certified by the district clerk is not evidence,[10] but rather a governmental record. While the preparation of a bill of costs has significance,[11] it is merely a documentation of what occurred during the trial.[12] The

---

[9]The trial court lacks jurisdiction once the appellate record is filed. *See* TEX. R. APP. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate."); *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995) (findings of fact and conclusions of law entered after appellate record filed were void).

[10]Hill cites *Johnson v. State*, 389 S.W.3d 513 (Tex. App.—Houston [14th Dist.] 2012, no pet. h.), in support of his argument. In *Johnson*, though, the "new evidence" excluded by the court was a computer printout of the costs, not a bill of costs. We believe *Johnson* is distinguishable because the supplementation of a computer printout was more akin to evidence than a certified bill of costs.

[11]TEX. CODE CRIM. PROC. ANN. art. 103.001 (court costs not payable until bill of costs produced or "ready to be produced").

5

substance of the bill of costs is not newly created, only the compilation of the substance is new. The bill of costs is an "omitted" item because it is only a compilation of records that existed previously. *See* Tex. R. App. P. 34.5(c) (allowing for supplementation of clerk's record "[i]f a relevant item has been omitted"). Thus, we conclude the State can supplement the record with the bill of costs.[13]

On October 12, 2011, Allen filed an affidavit of indigency certifying that he had an income of $400.00 and no assets and that he helped provide for his mother and four siblings. The trial court found Allen indigent on October 12 and appointed him counsel. After pronouncing sentence and ordering payment of court costs, the following exchange occurred between the trial court and Allen's attorney:

> [Defense]: Your Honor, Mr. Allen wishes to withdraw his previously executed waiver and he would show the Court that he continues to be indigent and would ask the Court to appoint counsel to give notice of appeal.

> THE COURT: All right. The Court does continue the finding of indigence previously made with regard to you, Mr. Allen, and appoints Mr. Huggler to represent you on appeal.

Once a defendant is found to be indigent, he or she is presumed, for the purpose of assessing attorney's fees, to remain indigent unless there is evidence of a material change in his or her financial circumstances. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2012); *see Mayer*, 309 S.W.3d at 557; *Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.—Beaumont

---

[12]Unless relevant, a bill of costs is not normally required to be part of an appellate record. *See Gonzales v. State*, No. 07-10-00383-CR, 2012 Tex. App. LEXIS 6905 (Tex. App.—Amarillo Aug. 17, 2012, pet. ref'd) (mem. op., not designated for publication).

[13]*See Cardenas v. State*, No. 01-11-01123-CR, 2013 Tex. App. LEXIS 2980 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet. h.) (failure to prepare a bill of costs before entry of judgment not a due process violation).

2010, no pet.); *cf. McFatridge v. State*, 309 S.W.3d 1, 6 (Tex. Crim. App. 2010) (explaining two-step process for indigency determinations for purposes of free appellate record and appointment of appellate counsel). The record does not demonstrate that the trial court found a material change in Allen's financial circumstances. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2012).

The State argues the record supports an order that Allen pay $195.00 in court costs. Although this amount differs from the written judgment, the Texas Court of Criminal Appeals has observed, "Court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong*, 340 S.W.3d at 766–67. Since Allen was declared indigent, we must determine whether an indigent can be ordered to pay court costs.

The Due Process Clause of the United States Constitution prohibits a state from denying, solely because of inability to pay, access to its courts. *See Boddie v. Connecticut*, 401 U.S. 371, 374 (1971); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956). This does not mean, though, that court costs cannot be recovered. The Constitution only prohibits the requirement for prepayment or payment in advance, which effectively denies appellate review. *Boddie*, 401 U.S. at 374; *Griffin*, 351 U.S. at 18.

We have not been directed to binding precedent from either the Texas Court of Criminal Appeals or from the Tyler Court of Appeals on this issue. The Amarillo Court of Appeals has held a defendant's ability to pay is not relevant with respect to legislatively mandated court costs. *See Owen*, 352 S.W.3d at 546; *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo

7

2011, pet denied). Other Texas Courts of Appeals, including this one, have agreed with the Amarillo court.[14]

In *Armstrong*, the Amarillo Court of Appeals concluded that "the clerk's certified bill of costs imposes an obligation upon [Armstrong] to pay the costs, again other than attorney's fees, whether or not that bill is incorporated by reference into the judgment." *Armstrong v. State*, 320 S.W.3d 479, 481 (Tex. App.—Amarillo 2010), *rev'd in part by* 340 S.W.3d 759 (Tex. Crim. App. 2011). The Texas Court of Criminal Appeals, though, only reversed part of the Amarillo court's opinion. *Armstrong*, 340 S.W.3d at 763. The court reversed the Amarillo court on the attorney's fees issue, but left in place the court's decision relating to court costs. *Id.*

We conclude the more persuasive authority indicates that a trial court can order an indigent defendant to pay court costs provided payment is not demanded before the trial court proceedings have concluded. Although the evidence in this case is insufficient to uphold the trial court determination of the amount of court costs,[15] the bill of costs does support an assessment of $195.00 for court costs (omitting attorney's fees). We agree with the State that the trial court's

---

[14]*See, e.g.*, *Rodriguez v. State,* No. 06-12-00167-CR, 2013 Tex. App. LEXIS 847 (Tex. App.—Texarkana Jan. 31, 2013, no pet. h.) (mem. op., not designated for publication); *Bell v. State*, No. 09-11-00462-CR, 2012 Tex. App. LEXIS 646 (Tex. App.—Beaumont Jan. 25, 2012, no pet.) (mem. op., not designated for publication) (subtracting attorney's fees but retaining administrative costs and fees); *Ludlow v. State*, No. 03-11-00212-CR, 2012 Tex. App. LEXIS 289 (Tex. App.—Austin Jan. 11, 2012, no pet.) (mem. op., not designated for publication) (subtracting attorney's fees but retaining administrative costs and fees). We note that the Tyler court vacated the entire amount of court costs in *Proctor v. State*, No. 12-11-00335-CR, 2012 Tex. App. LEXIS 7452, **6–7 (Tex. App.—Tyler Aug. 31, 2012, pet. ref'd, untimely filed) (mem. op., not designated for publication). But in *Proctor*, all of the costs were for attorney's fees, not other administrative court costs.

[15]Because they are compensatory rather than punitive in nature, court costs and attorney's fees do not need to be orally pronounced or incorporated by reference into the judgment. *Armstrong*, 340 S.W.3d at 766–67.

judgment and withdrawal order should be modified to order that Allen pay only $195.00 in court costs.[16]

We modify the trial court's judgment and withdrawal order to order payment of $195.00 in court costs. We affirm the judgment, as modified.

Jack Carter
Justice

Date Submitted:     March 27, 2013
Date Decided:      April 3, 2013

Publish

---

[16]We note that the bill of costs indicates Allen has already paid $107.48.

9