

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00202-CR

James Ernest **WALLACE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR4515
Honorable Raymond Angelini, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  October 16, 2013

AFFIRMED

In a single issue on appeal, James Ernest Wallace contends that the evidence was insufficient to support the trial court's assessment of attorney's fees as court costs. We affirm the trial court's judgment.

### BACKGROUND

After Wallace pled "true" to the State's third motion to revoke community supervision, the trial court sentenced Wallace to two years' imprisonment and assessed a fine of $1,500 and court

costs of $314. Thereafter, the State supplemented the court's record to include a certified bill of cost.

**STANDARD OF REVIEW**

The imposition of court costs under TEX. CODE CRIM. PROC. art. 103.001 is a criminal law matter reviewable on direct appeal. *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011). "Sufficiency of the evidence is measured by viewing all of the record evidence in the light most favorable to the verdict." *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). No objection is required to preserve a trial court's alleged error in ordering reimbursement of court costs. *Id*. at 556.

**DISCUSSION**

Wallace argues that the trial court erred in ordering the reimbursement of court-appointed attorney's fees because he is indigent and there was no material change in his financial situation. However, the trial court's order and the certified bill of cost reflect that Wallace was not ordered to reimburse attorney's fees. Rather, Wallace was ordered to pay a total $314 in miscellaneous administrative fees and court costs.[1] *See* TEX. CODE CRIM. PROC. art. 103.001 (West 2006); TEX. GOV'T CODE ANN. §§ 102.021, .041 (West 2013).

Moreover, Wallace cites no authority to support his contention that a trial court errs, after the conclusion of the trial, in ordering an indigent defendant to reimburse court costs and fees unrelated to the providing of legal services. Article 26.05(g) of the Texas Code of Criminal Procedure does require a trial court to determine whether a defendant has "the financial resources that enable him to offset in whole or in part the costs of the legal services provided" before ordering repayment of such costs. *Mayer*, 309 S.W.3d at 556. However, Article 26.05(g) only applies to

---

[1] The bill of cost includes $0.00 for "Appointed Atty."

the costs of "legal services" provided, such as the cost of a court-appointed attorney. *Owen v. State*, 352 S.W.3d 542, 546 (Tex. App.—Amarillo 2011, no pet.). Article 26.05(g) does not require a similar determination when a trial court is assessing miscellaneous court costs and fees unrelated to the providing of legal services. *See In re Daniel*, 396 S.W.3d 545, 549–50 (Tex. Crim. App. 2013) (ordering the Bexar County District Clerk to delete attorney's fees from bill of costs where there was no finding that indigent defendant had the ability to pay but leaving intact other court costs); *Coronel v. State*, No. 05-12-00493-CR, __ S.W.3d __ , 2013 WL 3874446, at*5 (Tex. App.—Dallas Jul. 29, 2013, no pet.) (noting that unlike Article 26.05(g), statutes requiring imposition of costs make no reference to a defendant's ability to pay); *Allen v. State*, No. 06-12-00166-CR, __ S.W.3d __ , 2013 WL 1316965, at*1–4 (Tex. App.—Texarkana Apr. 3, 2013, no pet.) (due process does not prohibit a court from assessing court costs against indigent defendant after trial court proceedings have concluded); *Vaughn v. State*, No. 13-11-00649-CR, 2012 WL 2864400, at*2 (Tex. App.—Corpus Christi Jul. 12, 2012, no pet.) (mem. op., not designated for publication) (listing cases where courts assessed court costs against indigent defendants). Therefore, the trial court was not required to consider Wallace's ability to pay when it ordered reimbursement of the court costs and fees at issue in this case.

CONCLUSION

Because Wallace has failed to show that the trial court erred in ordering him to reimburse $314 in court costs and fees, the judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH