**Affirmed as Modified; Opinion Filed November 12, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00013-CR

**CHARLES EARL ALLEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-60768-U**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Bridges

In two issues,[1] appellant Charles Earl Allen contends: (1) the evidence is insufficient to support the trial court's judgment that appellant pay $244 in court costs and (2) the judgment should be reformed to properly reflect appellant was convicted of a state jail felony. As modified, we affirm the judgment of the trial court.

*Costs*

In his first issue, appellant argues the evidence is insufficient to support the trial court's order for him to pay $244 in court costs because the clerk's record does not contain a bill of costs.

---

[1] Appellant filed his original point of error, alleging the insufficiency of the evidence to support the costs assessed and then later filed a supplemental point of error, seeking to reform his conviction to a state jail felony.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is. . . appealed."  TEX. CODE CRIM. PROC. ANN. Art. 103.006 (West 2006).  Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost.  *Id.* at art. 103.001.

The clerk's record in this case did not contain a copy of the bill of costs and appellant's three-page designation of record on appeal did not request that a copy of the bill of costs be included.  In light of this and appellant's specific complaint that the clerk's record did not contain a bill of costs, we ordered the Dallas County District Clerk to file a supplemental record containing the certified bill of costs associated with this case, and the clerk did so.  *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted).

Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Franklin v. State,* 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.).  We overrule his first issue.

In response to the Court's order requiring supplementation of the record, appellant filed two objections that the bill of costs in the supplemental clerk's record is not a "proper bill of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment.  For the reasons outlined below, we reject both arguments.

With respect to his first objection, appellant argues the bill of costs in the record is not a "proper bill of costs," because it is "unsigned, unsworn computer printouts." Appellant acknowledges the computer printouts are "certified by a deputy district clerk," but contends they

are improper because they have not been certified as "a proper bill of costs in accordance with Article 103.001 or that these costs have actually been assessed against Appellant." While the code of criminal procedure requires a record to be kept, the code is silent on the form of such a record except to the extent it must be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost," "stating the costs that have accrued" if the cause is appealed. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006. Here, the district clerk provided the costs that have accrued to date in the appellant's case; it is certified and signed by the district clerk. Because it meets the mandate of the code of criminal procedure, we conclude appellant's objection that the bill of costs is not "proper" lacks merit.

With respect to his second complaint that there is no indication the bill of costs was filed in the trial court or brought to the trial court's attention before costs were entered in the judgment, nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to the trial court at any time before judgment. *See Coronel v. State*, No. 05-12-00493, 2013 WL 3874446 at *5 (Tex. App.—Dallas July 29, 2013, pet. filed).

Article 42.16 provides that the judgment shall "adjudge the costs against the defendant, and order the collection thereof as in other cases." TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Court costs, as reflected in a certified bill of costs, are not part of the sentence, do not alter the range of punishment, and need not be orally pronounced or incorporated by reference in the judgment to be effective. *Armstrong v. State,* 340 S.W.3d 759, 766 (Tex. Crim. App. 2011). Costs are compensatory in nature and are a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Id.* In contrast, fines generally must be orally pronounced in the defendant's presence, are punitive, and are intended

–3–

to be part of the convicted defendant's sentence. TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2012); *Taylor v. State,* 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).

Costs are defined and mandated by statute; a bill of costs is a governmental record which documents those costs that have been assessed based on various factors including the crime for which the defendant is convicted, the procedural history of the defendant's case, and costs incurred in trying and convicting the defendant. *See, e.g.,* TEX. GOV'T CODE ANN. §102.041 (West Supp. 2012); *see Allen v. State,* No. 06-12-00166-CR, 2013 WL 1316965, at *2 (Tex. App.—Texarkana 2013, no pet.) (bill of costs certified by district clerk is governmental record, "merely a documentation of what occurred during trial"). The costs listed in the bill of costs are not newly created; only the compilation of those costs is new. Further, unlike the statute governing the award of attorney's fees, the statutes governing costs provide that a person convicted of an offense "shall pay" said costs without making any reference to the defendant's ability to pay. *See, e.g.,* TEX. GOV'T CODE ANN. §§102.021, 102.041 (West Supp. 2012); *cf.* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012) (explicitly conditions trial court's authority to order defendant to pay attorney fees on defendant's ability to pay).

In sum, court costs are mandated by statute; they are not discretionary and, therefore, are not subject to approval or authorization by the trial court. *Colonel*, 2013 WL 3874446 at *5. Likewise, the code does not require the bill of costs be filed at the time the trial court signs the judgment of conviction. *Id.* The code only requires a bill of costs be produced if a criminal case is appealed or costs are collected. *Id.* Because there is no requirement that the costs be presented to the trial court, we conclude appellant's second objection to the supplemented record lacks merit. We overrule his objections to the supplemented record.

Finally, we note that in his original brief and his objection to the bills of costs, appellant does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address these matters.

***Reformation of the Judgment***

In his supplemental issue, appellant contends the judgment should be reformed to properly reflect that appellant was convicted of a state jail felony. The State agrees with appellant that the judgment should be reformed "to reflect the truth that Appellant was convicted of an offense that was a state jail felony." The judgment states the offense is a "3rd Degree Felony." However, the record reflects the charge of which appellant was convicted was Evading Arrest or Detention. *See* TEX. PENAL CODE ANN. §38.04. Therefore, we order the trial court's judgment to be modified to remove "3rd Degree Felony" and now read "State Jail Felony," instead. *Estrada v. State*, 334 S.W.3d 57, 63 (Tex. App.—Dallas 2009, no pet.) ("This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so.") (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd)). As modified, we affirm the judgment of the trial court.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130013F.U05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHARLES EARL ALLEN, Appellant

No. 05-13-00013-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-60768-U.
Opinion delivered by Justice Bridges.
Justices Fillmore and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We remove "3rd Degree Felony" and **MODIFY** the judgment to state appellant is convicted of a "State Jail Felony."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered November 12, 2013

                 /David L. Bridges/
                 DAVID L. BRIDGES
                 JUSTICE