**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00148-CR**
_____

**GILBERT WAYNE VALDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 19-32617**

**MEMORANDUM OPINION**

In 2019, a grand jury indicted Appellant Gilbert Wayne Valdez for evading arrest/detention with the use of a vehicle, a third-degree felony. *See* Tex. Penal Code Ann. § 38.04. In a plea agreement, Valdez pleaded guilty to the offense and waived his right to a jury trial. The trial court found Valdez guilty, deferred adjudication, placed Valdez on community supervision for four years, and imposed a $500 fine.

On November 12, 2020, the State filed a Motion to Revoke Unadjudicated Probation, alleging Valdez committed four violations of the terms of his community

1

supervision. At a hearing on March 23, 2022, Valdez pleaded "true" to two of the four allegations in the motion to revoke. At a hearing on May 4, 2022, the trial court heard evidence on the other two alleged violations, found Valdez violated the terms of his community supervision, found him guilty of the third-degree offense of evading arrest/detention with the use of a vehicle, and imposed punishment at five years' confinement in the Institutional Division of the Texas Department of Corrections. Raising eight issues, Valdez appeals.[1]

Applicable Sentence

In issues one, two and three, Valdez argues that the judgment should be reversed and remanded for another sentencing hearing. According to Valdez, he could at most be only convicted of a state jail felony because the indictment failed to allege a prior evading detention conviction, and the trial court erred when it enhanced Valdez's sentence to a third-degree felony and when it failed to make a finding of a prior evading detention conviction. The State argues that although previous versions of section 38.04 required the element that the defendant had been previously convicted of an offense under that section, the law applicable to Valdez does not require that as an element of the offense.

---

[1] We note that in Valdez's brief under the "Issues Presented" section, he lists eight appellate issues. However, in the "Argument & Authorities" section of his brief he presents the same issues but numbers them differently. We refer to the issues as numbered in the "Issues Presented" section of his appellate brief.

We previously addressed section 38.04 in *State v. Sneed*, No. 09-14-00232-CR, 2014 Tex. App. LEXIS 10615, at **7-10 (Tex. App.—Beaumont Sept. 24, 2014, pet. ref'd) (mem. op., not designated for publication). Therein, we noted that two versions of section 38.04(b) were enacted in 2011. *Id.* at **7-8. Under the first version, evading arrest or detention is:

> (1) A state jail felony if:
>
> > (A) the actor has been previously convicted under this section; or
> >
> > (B) the actor uses a vehicle or watercraft while the actor is in flight and the actor has not been previously convicted under this section;
>
> (2) A felony of the third degree if:
>
> > (A) the actor uses a vehicle or watercraft while the actor is in flight and the actor has been previously convicted under this section; or
> >
> > (B) another suffers serious bodily injury as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend the actor while the actor is in flight[.]

Tex. Penal Code Ann. § 38.04(b). Under the second version, evading arrest or detention is:

> (2) a felony of the third degree if:
>
> > (A) the actor uses a vehicle while the actor is in flight;
> >
> > (B) another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or
> >
> > (C) the actor uses a tire deflation device against the officer while the actor is in flight[.]

3

*See id.*

In *Sneed*, we explained that the Fort Worth Court of Appeals had addressed the differences and concluded that even if the amendments were irreconcilable, Senate Bill 1416—codified in the second version above—was the latest of the bills to be enacted and would prevail over earlier bills. *See Sneed*, 2014 Tex. App. LEXIS 10615, at *9 (citing *Adetomiwa v. State*, 421 S.W.3d 922, 926-27 (Tex. App.—Fort Worth 2014, no pet.)). We follow our previous ruling and conclude that "[t]he offense of evading arrest or detention with a motor vehicle is a third-degree felony if the actor uses a motor vehicle while in flight, regardless of whether the actor has a previous conviction for evading arrest or detention." *See id.* at **9-10; *see also Watkins v. State*, No. 09-19-00123-CR, 2021 Tex. App. LEXIS 612, at **22-23 (Tex. App.—Beaumont Jan. 27, 2021, pet. ref'd) (mem. op., not designated for publication) (following *Sneed* and adopting *Adetomiwa*); *Fulton v. State*, 587 S.W.3d 76, 78 (Tex. App.—San Antonio 2019, no pet.) (adopting *Adetomiwa*); *Warfield v. State*, No. 03-15-00468-CR, 2017 Tex. App. LEXIS 5380, at **31-33 (Tex. App.—Austin June 14, 2017, pet. ref'd) (mem. op., not designated for publication) (adopting *Adetomiwa* and cataloging Texas courts of appeals that have reached the same conclusion).

Here, the indictment alleged that Valdez intentionally fled, using a vehicle, from Michal Davis, a person Valdez knew was a peace officer who was attempting

to lawfully arrest or detain Valdez. Valdez was charged with and convicted of the third-degree felony offense of evading arrest, and his five-year sentence is within the punishment range for a third-degree felony. *See* Tex. Penal Code Ann. § 12.34 (punishment range for a third-degree felony is imprisonment in the Texas Department of Criminal Justice for any term of not more than ten years or less than two years and a possible fine not to exceed $10,000). Issues one, two, and three are overruled.

## Assessment of Fine

In issues four and seven, Valdez argues that he should not have been assessed a $500 fine because the trial court rescinded the original deferred adjudication order and failed to order a new fine, it was reversible error to assess a fine because Valdez was indigent, and the trial court failed to orally pronounce the assessment of the fine at the revocation hearing. The first page of the Judgment Adjudicating Guilt does not reflect a fine was assessed but the second page of the judgment includes the following language:

> After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found Defendant qualified for deferred adjudication community supervision; (2) The Court deferred further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on deferred adjudication community supervision for a period of FOUR (4) YEARS[]; (4) The Court assessed a fine of $500.00; (5) While on deferred adjudication community supervision, Defendant violated the conditions of community

5

supervision, as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows:

<u>4&11</u>

Accordingly, the Court GRANTS the State's Motion to Adjudicate. FINDING that the Defendant committed the offense indicated above, the Court ADJUDGES Defendant GUILTY of the offense. The Court FINDS that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.

The Court ORDERS Defendant punished as indicated above. After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above.

The Revocation Restitution/Reparation Balance Sheet in the appellate record shows the fine as "TBD[.]"

In issue four, Valdez argues that the Judgment Adjudicating Guilt imposes an improper $500 fine because the trial court did not orally pronounce the fine at the time of revocation, and the State concedes that no fine was orally pronounced at the time of revocation. No fine is stated on the first page of the Judgment Adjudicating Guilt, and no specific fines are selected under the section titled "Fines Imposed Include" on page two of the judgment. We agree that the trial court did not orally pronounce a fine at the time of revocation. On the top of page two of the judgment, the trial court included that "(4) the Court assessed a fine of $500.00[,]" the fine imposed at the time of the deferred adjudication, as part of its summary of the procedural history of the case. We conclude these words are surplusage and we reform the judgment to delete the language "(4) the Court assessed a fine of $500.00"

6

on the top of page two of the judgment. We sustain issue seven in part and need not address issue four. *See* Tex. R. App. P. 43.2(b); *Celestine v. State*, Nos. 09-07-00577-CR, 09-07-00578-CR, & 09-07-00579-CR, 2009 Tex. App. LEXIS 1556, at **5-6 (Tex. App.—Beaumont Mar. 4, 2009, no pet.) (mem. op., not designated for publication) (reforming judgment to delete surplusage).

## Assessment of Costs

In issues five and six, Valdez argues the trial court violated the Fourteenth Amendment by assessing "revocation court costs" and "court costs" because Valdez was indigent.[2] In issue eight, Valdez argues that the trial court erred in assessing "revocation court costs" against Valdez because they were not orally pronounced at the revocation hearing.

Fines are different from fees and costs because fines are imposed as punishment, like incarceration, whereas fees and costs serve a remedial function by compensating the State for various costs associated with the criminal justice system.

---

[2] To the extent that Valdez relies on the paragraph on page two of the Judgment Adjudicating Guilt that states "After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above[]" in implying that the trial court carried over court costs from the deferred adjudication, we need not address this issue because we have deleted the "500.00 court cost" as unnecessary surplusage in the judgment. Valdez does not otherwise challenge a specific cost or basis for assessment of that cost. *See Johnson v. State*, 423 S.W.3d 385, 396 (Tex. Crim. App. 2014) ("Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient.").

*Gipson v. State*, 428 S.W.3d 107, 109 (Tex. Crim. App. 2014). "[C]ourt costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial; rather, they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). Because court costs are not punitive, a trial court may assess court costs against a defendant in the written judgment even when the court's oral pronouncement does not include an assessment of costs. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). "Although not binding precedent, we have previously held that supervision fees, court costs, or fees associated with presentence investigation reports are not part of a defendant's punishment, and the trial court is not required to orally pronounce those assessments at sentencing." *Davis v. State*, Nos. 09-18-00262-CR, 09-18-00263-CR, & 09-18-00264-CR, 2019 Tex. App. LEXIS 9113, at *12 (Tex. App—Beaumont Oct. 16, 2019, no pet.) (mem. op., not designated for publication) (citing *Lee v. State*, No. 09-07-00257-CR, 2007 Tex. App. LEXIS 8442, at **4-5 (Tex. App.—Beaumont Oct. 24, 2007, no pet.) (mem. op., not designated for publication); *Revia v. State*, No. 09-07-00068-CR, 2007 Tex. App. LEXIS 6965, at **4-6 (Tex. App.—Beaumont Aug. 29, 2007, no pet.) (mem. op., not designated for publication)). A trial court can assess court costs against an indigent defendant. *See Allen v. State*, 426 S.W.3d 253, 258-59 (Tex. App.—

8

Texarkana 2013, no pet.); *Owen v. State*, 352 S.W.3d 542, 546-47 (Tex. App.—Amarillo 2011, no pet.) (citing *Armstrong*, 340 S.W.3d at 766-67; *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied)). We overrule issues five, six, and eight. As modified, we affirm the trial court's judgment.

      AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

Submitted on October 10, 2022
Opinion Delivered December 7, 2022
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

9