Opinion filed September 14, 2023



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00244-CR

_____

### ZACHARIA LAMONT JONES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-21-0726-CR**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Zacharia Lamont Jones, of the third-degree felony offense of continuous violence against the family. *See* TEX. PENAL CODE ANN. § 25.11(a), (e) (West Supp. 2022). Appellant pled "true" to the State's three enhancement allegations. The jury found the enhancement allegations to be "true" and assessed Appellant's punishment at imprisonment for thirty-five years in the Texas Department of Criminal Justice. The trial court sentenced him accordingly. We affirm.

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is wholly frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response and of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

In his brief, Appellant's counsel states that the trial court improperly assessed court costs against Appellant because he is indigent, and no inquiry was made regarding his ability to pay. A convicted defendant must pay legislatively mandated court costs, and a defendant's ability to pay is not relevant with respect to such costs. *Amparan v. State*, No. 11-21-00162-CR, 2022 WL 17684377, at *4 (Tex. App.—Eastland Dec. 15, 2022, no pet.) (mem. op., not designated for publication); *see Allen v. State*, 426 S.W.3d 253, 258 (Tex. App.—Texarkana 2013, no pet.); *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied). As a result, the trial court properly assessed the legislatively mandated court costs applicable to Appellant's felony conviction against him. *Amparan*, 2022 WL 17684377, at *4; *see* TEX. LOC. GOV'T CODE ANN. §§ 133.102(a)(1), 134.101(a) (West 2021).

Appellant has not filed a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the

2

record, and we agree that the appeal is frivolous and without merit.[1]  Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


September 14, 2023

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.