

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00100-CR

ATIQULLAH PAINDAZADA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 18,783

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Pursuant to a plea agreement with the State, on August 8, 2023, Atiqullah Paindazada pled guilty to forgery, a class A misdemeanor.[1]  *See* TEX. PENAL CODE ANN. § 32.21 (Supp.). The trial court deferred a finding of guilt; placed Paindazada on deferred adjudication community supervision for eighteen months; and ordered him to pay fines, fees, court costs, and attorney fees.  In addition, the trial court ordered Paindazada to attend a "THEFT CLASS," submit to an alcohol/drug evaluation, and pay restitution in the amount of $1,100.90.  Paindazada also agreed to comply with several other conditions, including reporting to his supervision officer and refraining from committing any criminal offense in the State of Texas.

On January 23, 2024, the State filed a motion to revoke Paindazada's community supervision and to proceed to final adjudication, alleging multiple violations.  Instead of granting the State's motion, on February 12, 2024, the trial court amended the conditions of Paindazada's community supervision by requiring him to spend thirty days in the Upshur County Jail and to attend a "Theft Financial Management Class" within thirty days of being released from jail.

On April 17, 2024, the State filed another motion to revoke Paindazada's community supervision and to proceed to adjudication, alleging, among other things, that Paindazada had committed a criminal offense against the State of Texas.  Following a May 1, 2024, hearing on the State's motion, the trial court found that Paindazada had committed multiple violations.  It adjudicated Paindazada guilty of class A misdemeanor forgery and orally sentenced him to one year in the county jail.

---

[1]As a part of the agreement between the State and Paindazada, the forgery charge was reduced from a state jail felony to a class A misdemeanor.

2

On appeal, Paindazada maintains, among other things, that the trial court's written judgment, which contained an assessment of fines and restitution, must be modified because the trial court did not orally assess fines and restitution during the hearing.

Restitution and fines are punitive in nature and must be orally pronounced. *Weir v. State*, 278 S.W.3d 364, 366–67 (Tex. Crim. App. 2009); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (orig. proceeding). Moreover, when the oral pronouncement of the trial court's sentence and its written judgment do not reflect the same punishment, the oral pronouncement controls. *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.) (citing *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004)).

Here, the trial court's written judgment assessed the following: "COURT COST: $355.00; ATTORNEY FEE: BRANDON WINN; CRIMESTOPPERS FEE: $50.00; FINE: $350.00; UPSHUR COUNTY SHARES: $150.00; ALCOHOL-DRUG EVALUATION; THEFT CLASS; RESTITUTION OF $1,100.90 TO BE PAID TO RAM POUDEL, 304 BRASHER LANE, EULESS, TEXAS 76040." Yet, a review of the hearing transcript reveals that the trial court did not orally assess fines and restitution against Paindazada. For that reason, the inclusion of fines and restitution in the trial court's judgment was in error.

The trial court also included court costs and attorney fees in its written judgment, but it did not include those assessments in its oral pronouncements. Court costs are not part of the sentence and "need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011). Moreover,

3

"[b]ecause attorney fees are more analogous to court costs than fines," the trial court is not required to include them in its oral pronouncement. *Id.*

However, in this case, the trial court made a finding that Paindazada was indigent, and it appointed counsel to represent him at trial and on appeal. Even after a finding of indigency, the trial court is still allowed to order a defendant to pay attorney fees, but only if

> the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant in accordance with Article 1.051(c) or (d), including any expenses and costs."

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). Furthermore, Article 26.04(p) states,

> A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. If there is a material change in financial circumstances after a determination of indigency or nonindigency is made, the defendant, the defendant's counsel, or the attorney representing the state may move for reconsideration of the determination.

TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.). Thus, a defendant's financial resources and ability to pay are specific elements in a trial court's determination of the propriety of ordering reimbursement of attorney fees. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013).

Here, the trial court found that Paindazada was indigent. There is nothing in the record to show that, during the course of the proceedings, Paindazada's circumstances materially changed. Therefore, the trial court's inclusion of attorney fees in its written judgment was in error.

On November 1, 2024, the State filed a letter response presumably conceding that the trial court's judgment adjudicating Paindazada's guilt contained improper assessments. In

4

addition, the State attached a file-stamped copy of a second nunc pro tunc judgment adjudicating Paindazada's guilt.[2] That judgment did not contain the trial court's earlier assessment of court costs, restitution, attorney fees, or any of the other assessed fees. The trial court's sentence of confinement remained the same; that is, one year in the county jail. On November 15, 2024, a supplemental clerk's record was filed in this Court containing the trial court's second nunc pro tunc judgment reflecting only a one-year sentence of confinement.

Notably, the trial court's second nunc pro tunc judgment did not contain the assessment of court costs. A defendant's ability to pay is not relevant with respect to legislatively mandated court costs. *Owens v. State*, 352 S.W.3d 542, 546–47 (Tex. App.—Amarillo 2011, no pet.). "[A] trial court can order an indigent defendant to pay court costs provided payment is not demanded before the trial court proceedings have concluded." *Allen v. State*, 426 S.W.3d 253, 259 (Tex. App.—Texarkana 2013, no pet.). Further, "[c]ourt costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong*, 340 S.W.3d at 766–67 (citing *Weir*, 278 S.W.3d at 367).

On November 22, 2024, the district clerk filed a second supplemental clerk's record that contained a certified bill of costs in the amount of $355.00. In accordance with *Armstrong*, those costs will remain in effect.

---

[2]The trial court previously entered "Nunc Pro Tunc Conditions of Community Supervision," which "correct[ed] the restitution amount from $1190.90 to $1100.90."

5

Accordingly, we affirm the trial court's second nunc pro tunc judgment adjudicating guilt.

Scott E. Stevens
Chief Justice

Date Submitted:      October 2, 2024
Date Decided:        December 4, 2024

Do Not Publish