

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00105-CR

_____

ANDREW MORAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1806318

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Andrew Moran appeals concurrent 14-year sentences assessed by the trial court after Moran pleaded guilty—without an agreement on punishment—to three counts of child-pornography possession. *See* Tex. Penal Code Ann. § 43.26(e), (g).

Moran's appointed appellate counsel has filed a motion to withdraw and a brief in which she argues that the appeal is frivolous. The brief complies with *Anders v. California* by professionally evaluating the appellate record and demonstrating why Moran cannot show any arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Counsel also complied with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Although given the opportunity, Moran did not file a pro se response; likewise, the State declined to file a responsive brief.

After an appellant's court-appointed counsel fulfills *Anders*'s requirements, this court must independently examine the record for any arguable ground that may be raised. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After carefully reviewing the appellate record and counsel's brief, we agree that—but for corrections to the three judgments and to the bill of costs—the appeal is wholly without merit; we have found nothing that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

In all three judgments, the trial court included a $100 fine as part of the sentence. But the trial court did not orally pronounce any fine when it sentenced Moran. *See Ette v. State*, 559 S.W.3d 511, 513, 516 (Tex. Crim. App. 2018) (discussing general principle that fines, as part of defendant's sentence, must be orally pronounced in defendant's presence). Thus, we will delete the fines from each judgment. *See, e.g., Fuentes v. State*, No. 02-24-00298-CR, 2025 WL 2492354, at *2 (Tex. App.—Fort Worth Aug. 29, 2025, no pet.) (mem. op., not designated for publication); *see also Bray v. State*, 179 S.W.3d 725, 729–30 (Tex. App.—Fort Worth 2005, no pet.) (noting that in *Anders* appeals we may modify judgment errors to conform to record).

In addition to assessing costs and a reimbursement fee in Count One's judgment, the trial court found that the $10 reimbursement fee was to be credited for time served. *See* Tex. Code Crim. Proc. Ann. art. 43.09. Nevertheless, the bill of costs shows the $10 as currently due.[1] *See* Tex. Code Crim. Proc. Ann. art. 103.001(b); *Allen v. State*, 426 S.W.3d 253, 256–57 (Tex. App.—Texarkana 2013, no pet.) (noting that bill of costs obligates criminal defendant to pay those costs). We therefore correct the bill of costs to show "Total Reimbursement Fees" of $0.00. *See, e.g., Ochoa v. State*, No. 02-23-00225-CR, 2024 WL 1792771, at *2 (Tex. App.—Fort Worth Apr. 25,

---

[1]Additionally, the judgment's selected punishment option provides that reimbursement fees are not due until the defendant's release from confinement. *See Ramirez v. State*, No. 02-24-00224-CR, 2025 WL 1350046, at *1–2 (Tex. App.—Fort Worth May 8, 2025, no pet.) (mem. op., not designated for publication).

2024, no pet.) (mem. op., not designated for publication); *Jones v. State*, 691 S.W.3d 671, 679 (Tex. App.—Houston [14th Dist.] 2024, pet. ref'd).

      We affirm the judgments as modified, and we reform the bill of costs to reflect "$0.00" owed for "Total Reimbursement Fees." We also grant counsel's motion to withdraw.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 26, 2026