

# NUMBER 13-26-00088-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**TARA KELLIE BROWN,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

## ON APPEAL FROM THE 13TH DISTRICT COURT
## OF NAVARRO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron
Memorandum Opinion by Justice Silva**

Appellant Tara Kellie Brown appeals the trial court's judgment adjudicating guilt and associated bill of costs. By two issues, Brown contends: (1) the bill of costs varies from the trial court's oral pronouncement of sentence and written judgment concerning the imposition of a fine; and (2) a discrepancy exists between the trial court's judgment

and the bill of costs regarding court costs and clerk fees. We affirm as modified.

## I.    BACKGROUND[1]

On June 18, 2025, Brown was indicted for injury causing bodily injury to an elderly individual, a third-degree felony. *See* TEX. PENAL CODE § 22.04(a)(3), (c)(2), (f). On July 17, 2025, Brown pleaded guilty to the offense as charged. Pursuant to the terms of a plea agreement, the trial court deferred a finding of guilt and placed Brown on deferred adjudication community supervision for three years. *See* TEX. CODE CRIM. PROC. art. 42A.101(a).

On September 4, 2025, the State filed a motion to adjudicate her guilt alleging that she violated the terms and conditions of her community supervision. On December 18, 2025, the trial court held a hearing on the State's motion. During the hearing, the trial court adjudicated Brown guilty and sentenced her to four years' imprisonment in the Texas Department of Criminal Justice Institutional Division. Upon pronouncement of her sentence, the trial court made no reference or mention of the imposition of a fine.

The trial court subsequently entered its written judgment indicating that Brown's fines were "N/A" and that her court costs were "$290." No boxes were checked underneath the imposed fines section of the judgment. The certified bill of costs filed by the district clerk on February 17, 2026, however, provided that Brown's court costs totaled "$495," and her clerk fees were "$110." The bill of costs also included a fine of "$100." This appeal ensued.

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). We are bound by the precedent of the transferring court to the extent that it differs from our own. *See* TEX. R. APP. P. 41.3.

## II.   IMPOSITION OF A FINE

Brown first argues that "the $100 fine appearing in the bill of costs is unauthorized and must be deleted." The State concedes that the fine was not orally pronounced in Brown's presence and should be removed from the bill of costs. We agree.

### A.   Standard of Review and Applicable Law

An appellate court has the power to modify a bill of costs. *See Jones v. State*, 691 S.W.3d 671, 679 (Tex. App.—Houston [14th Dist.] 2024, pet. ref'd) (rejecting the State's argument that the Court was without jurisdiction to modify the appellant's bill of costs and sustaining the appellant's appellate issue concerning said bill of costs). Relevant here, "[a] fine is punitive in nature and is part of a defendant's sentence." *Anastassov v. State*, 664 S.W.3d 815, 820 (Tex. Crim. App. 2022) (citing *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (observing that fines are imposed as a punishment pursuant to Chapter 12 of the Texas Penal Code, which is entitled "Punishments")). The Texas Code of Criminal Procedure provides that a "sentence shall be pronounced in the defendant's presence," except as provided by Article 42.14, which is not applicable here. TEX. CODE CRIM. PROC. art. 42.03, § 1(a); *see also id.* art. 42.14(b) (providing that judgment and sentence may be rendered in the absence of the defendant in a felony case under certain circumstances). Further, "when there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls." *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) (citing *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); and then citing *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003)).

3

**B.     Analysis**

Because the trial court did not orally pronounce a fine in Brown's presence when it imposed her sentence, it was improper for a $100 fine to be included in the bill of costs. *See Anastassov*, 664 S.W.3d at 820; TEX. CODE CRIM. PROC. art. 42.03, § 1(a); *see also Ruyle v. State*, No. 02-24-00199-CR, 2025 WL 938131, at *2 (Tex. App.—Fort Worth Mar. 27, 2025, no pet.) (mem. op., not designated for publication) ("[F]ines must be orally pronounced in the defendant's presence.") (citing *Armstrong*, 340 S.W.3d at 767)). Consequently, we modify the trial court's bill of costs to accurately reflect a fine of zero. *See Jones*, 691 S.W.3d at 679. Brown's first issue is sustained.

### III.     COURT COSTS AND CLERK FEES

Brown next argues that the trial court's judgment and bill of costs must be reformed "to accurately reflect the lawful court costs and clerk fees assessed in the case." Brown contends that "[b]ecause the judgment reflects only $290 in court costs while the bill of costs reflects $495 in court costs and $110 in clerk fees, the written judgment does not accurately reflect the costs assessed in the case." The State responds by asserting that the trial court's judgment should be reformed to accurately reflect the total amount of court costs assessed in the bill of costs.

**A.     Standard of Review and Applicable Law**

"An appellate court has the authority to reform a judgment as may be necessary to make the record speak the truth." *Martinez v. State*, 527 S.W.3d 310, 329 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd) (citing *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)); *see* TEX. R. APP. P. 43.2(b). "The Texas Court of Criminal Appeals has explicitly held that court costs are not part of the sentence and do not need

4

to be orally pronounced or incorporated by reference into the judgment." *Allen v. State*, 426 S.W.3d 253, 257 (Tex. App.—Texarkana 2013, no pet.) (citing *Armstrong*, 340 S.W.3d at 766–67)). Rather, court costs are "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). (citation modified). "The imposition of court costs is mandatory under Article 42.16 of the Code of Criminal Procedure." *Welch v. State*, 683 S.W.3d 525, 527 (Tex. App.—Waco 2023, no pet.) (first citing Tex. Code Crim. Proc. art. 42.16; and then citing *Martinez v. State*, 507 S.W.3d 914, 916 (Tex. App.—Waco 2016, no pet.)). "However, the court may only impose those costs that are statutorily authorized." *Id.* (citing *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014)). "There must also be a basis in the record for the assessment of a cost." *Id.* (first citing *Johnson*, 423 S.W.3d at 390; and then citing *Wolfenbarger v. State*, 581 S.W.3d 455, 459 (Tex. App.—Texarkana 2019, no pet.)). Such costs are payable upon the production and issuance of a certified bill of costs to the person charged with the cost. *See* Tex. Code Crim. Proc. art. 103.001(b)(1)–(3). "In other words, a certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment." *Allen*, 426 S.W.3d at 256–57 (citation modified). "[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost." *Johnson*, 423 S.W.3d at 390. "Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient." *Id.* at 396.

B.    **Analysis**

Here, the trial court's judgment shows court costs of $290, but the record does not

5

reflect where the trial court derived this figure. In addition, the district clerk's certified bill of costs included court costs in the amount of $495, which differed from the amount of court costs imposed in the trial court's judgment. Because Brown is not specifically challenging the basis for the assessment of any court costs, we conclude that the bill of costs is sufficient to support the $495 amount of court costs. *See id.* Accordingly, we modify the trial court's judgment in accordance with the bill of costs to reflect court costs in the amount of $495.[2] *See Allen*, 426 S.W.3d at 259 (modifying the judgment to reflect the amount assessed in the bill of costs when the two amounts differed); *Martinez*, 527 S.W.3d at 329; TEX. R. APP. P. 43.2(b). Brown's second issue is sustained.

## IV. CONCLUSION

Having modified the trial court's judgment and bill of costs, we affirm as modified.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
11th day of June, 2026.

---

[2] To the extent that Brown's complaints concern a discrepancy between the trial court's judgment and the clerk fees assessed in the bill of costs, the judgment before us does not contain the clerk fees nor does it contain a portion or section for the placement of such fees.

6